**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello**

Civil Action No. 16-cv-03194-CMA-STV

JOHN PEMBROKE

      Plaintiff,

v.

JPMORGAN CHASE BANK N.A., and
SELECT PORTFOLIO SERVICING, INC.,

      Defendants.

---

## ORDER GRANTING SUMMARY JUDGMENT

---

This matter comes before the Court on a motion for summary judgment filed by

Defendant Select Portfolio Servicing, Inc. ("SPS") (Doc. # 130). SPS moves for

summary judgment on all remaining claims against it. (*Id.*) Mr. Pembroke filed his

Response (Doc. # 141) and SPS thereafter filed its reply. (Doc. # 147.) For the following

reasons, this Court grants SPS's motion for summary judgment.

### I.      BACKGROUND

This lawsuit stems from Mr. Pembroke's allegations that SPS and JP Morgan

Chase Bank, N.A. (Chase Bank)[1] inaccurately reported financial information to various

credit reporting agencies (CRAs) and then failed to correct the deficiencies after Mr.

Pembroke disputed the report. (Doc. # 95.) Mr. Pembroke specifically claims that SPS

---

[1] Chase Bank did not file or join this motion for summary judgment.

improperly reported him as personally liable for a debt that he maintains is enforceable only against the John J. Pembroke Trust and the Linda D. Pembroke Living Trust ("Pembroke Trusts"). (Doc. # 95 at ¶¶ 10, 15.)

The debt originated from a refinance loan Mr. Pembroke negotiated with a bank in 2006. (Doc. # 130–2 at 63, 80.)[2] As part of that loan transaction Mr. Pembroke executed and delivered the promissory note ("Note"), and the Pembroke Trusts executed a deed of trust as collateral for repayment of the Note. (*Id.* at 63, 64, 80.) The original lender became insolvent in 2008 and the debt instruments were transferred to different financial entities. In 2011, payments on the Note ceased and U.S. Bank National Association, as Trustee for the Loan Trust ("Loan Trust") began foreclosure proceedings. (*Id.* at 82–83.) In 2014, the Pembroke Trusts brought an action against the Loan Trust seeking to enjoin the foreclosure action on the basis that the original lender never allowed the Pembroke Trusts to exercise their right of first refusal to buy the Note. (*Id.* at 80–81.)

At some point during the trial in the state court, the issue arose as to whether Mr. Pembroke, who was not a party to the case, was personally liable under the Note. (Doc. ## 141–1 at 102–03; 164–166.) Mr. Pembroke asserted that he was not personally liable for two reasons. First he argued that the Note provided to the court was fabricated. Second, Mr. Pembroke argued that he was not personally liable on the Note because he signed the Note on behalf of the trust rather than in his individual capacity. (Doc. # 141–1 at 106.)

---

[2] This Court has taken judicial notice of the state court proceedings. (Doc. # 137 at 3 n.2.)

After trial on May 18, 2015, the Court denied the request for an injunction, denied Plaintiffs' request for specific performance, and granted Defendant's application for judicial foreclosure. (Doc. # 130-2 at 77-79.) The state court expressly found that the holder of the original Note was a holder in due course, that the Note was not fabricated or falsified as asserted by Mr. Pembroke, and that the original Note contained Mr. Pembroke's original initials and signature in his individual capacity. (*Id.* at 77.) Nonetheless, realizing that it had no jurisdiction over Mr. Pembroke, the state court restricted its ruling to the foreclosure, noting that "Mr. Pembroke is not a party to this case, and this judgment and decree of foreclosure does not decide whether Mr. Pembroke is personally liable under the promissory note." *Id.* at 76.

The Pembroke Trusts appealed to the Colorado Court of Appeals which affirmed that "the trial court didn't err in ruling that the Loan Trust is a holder in due course." (*Id.* at 79–93.)

In early 2016, Mr. Pembroke requested copies of his credit report and found that his credit report reflected the Note as a personal liability. (Doc. # 95 at ¶¶ 15, 16.) Using the CRA's online dispute request system and via letters sent to the CRAs and the furnishers of the information, including SPS, Mr. Pembroke disputed the information in his credit report. He asserted that the state court proceedings demonstrated he was not personally liable on the Note and demanded that the credit reports should be changed accordingly. (*Id.* at ¶¶ 16 and 18.) When the information was not changed, Mr. Pembroke brought this lawsuit against the CRAs, SPS, and Chase Bank claiming a violation of the Federal Credit Reporting Act ("FCRA"), negligence, defamation, and the

intentional infliction of emotional distress. (Doc. # 95 at 12–15.) SPS filed the instant

motion for summary judgment asserting that the state court's finding that Mr. Pembroke

personally executed the Note is fatal to Mr. Pembroke's entire case. (Doc. # 130 at 1.)

## II.     STANDARD OF REVIEW

Summary judgment is appropriate where "the movant shows that there is no

genuine dispute as to any material fact and the movant is entitled to judgment as a

matter of law." Fed. R. Civ. P. 56(a). A fact is "material" if it is essential to the disposition

of the claim under the relevant substantive law. *Turnkey Sols. Corp. v. Hewlett Packard

Enter. Co.*, No. 15-cv-01541-CMA-CBS, 2017 WL 3425140, at *2 (D. Colo. Aug. 9,

2017). A dispute is "genuine" if the evidence could lead a reasonable jury to return a

verdict in favor of either party. *Medina v. David*, No. 14–cv–03037–CBS, 2016 WL

122970, at *2 (D. Colo. Jan. 8, 2016). In making its decision, a court views the evidence

presented in the light most favorable to the non-moving party. *Id.*

## III.     ANALYSIS

In its motion for summary judgment, SPS makes four arguments:

1.  Mr. Pembroke's FCRA claim fails as a matter of law because the reported

    information was accurate;

2.  the issue of whether Mr. Pembroke signed the Note in his individual capacity

    is precluded from additional litigation;

3.  Mr. Pembroke's state law claims are preempted by the FCRA; and

4.  even if there is no preemption, because the information provided is accurate,

    SPS cannot be liable for any of the state law claims. (*Id.* at 1, 11, 16, 19.)

4

For the following reasons, this Court agrees that SPS is entitled to summary judgment on the remaining claims in this case.

## A.     FCRA CLAIM

### 1.  Law

"Congress enacted FCRA in 1970 to ensure fair and accurate credit reporting, promote efficiency in the banking system, and protect consumer privacy." *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 52 (2007). Consequently, furnishers of financial information must provide CRAs "accurate and complete" information about the status of a consumer's debt. 15 U.S.C. § 1681s-2(a). When a consumer disagrees with the information a furnisher provided to the CRAs, the FCRA grants consumers a means to dispute—and therefore ultimately correct—inaccurate information on their credit reports. *Vilar v. Equifax Info. Servs., LLC*, No. CIV 14–0226 JB/KBM, 2014 WL 7474082, at *12 (D.N.M. Dec. 17, 2014) (citing cases and legislative history). This protects consumers "from being unjustly damaged because of inaccurate or arbitrary information in a credit report." *Id.* (citation omitted).

In challenging the information a furnisher provides, the consumer bears the burden of proving that the information furnished to the CRAs was inaccurate or incomplete. *Schueller v. Wells Fargo & Co.*, 559 Fed.Appx. 733, 737 (10th Cir. 2014) (citation omitted). Whether the information a furnisher provided is inaccurate or incomplete depends not only on the accuracy of the information provided but also on whether the information relayed creates "a materially misleading impression" on the

status of the debt. *See Saunders v. Branch Banking and Trust Co. of Virginia*, 526 F.3d 142, 148–49 (4th Cir. 2008) (citing other cases holding the same).

Therefore, even technically correct information can be rendered inaccurate under the FCRA when relevant information is missing. *Saunders*, 526 F.3d at 148. Information relevant to the status of a consumer's debt includes disputes by that consumer, and failing to disclose such disputes may render the report inaccurate. *Saunders*, 526 F.3d at 149–150; *Vilar*, 2014 WL 7474082, at *16.

However, disputes which have no merit need not be disclosed because "reporting an actual debt without noting that it is disputed is unlikely to be materially misleading." *Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1166 (9th Cir. 2009). Accordingly, only disputes "that could materially alter how the reported debt is understood" should be disclosed. *Sartori v. Susan C. Little & Associates, P.A.*, 571 Fed.Appx. 677, 682 (10th Cir. 2014); *Saunders*, 526 F.3d at 150.

2. Analysis

The primary issue in this case is whether SPS was required to report Mr. Pembroke's debt as disputed. (Doc. ## 130 at 9; 141 at 13.) SPS maintains that it was not required to do so because Mr. Pembroke's dispute is without merit and the information SPS reported was accurate. (Doc. # 130 at 8-9.) SPS argues that the state court judgment, which found that Mr. Pembroke personally executed the Note, is dispositive of the issue and that reporting Mr. Pembroke as financially responsible for the debt attached to that Note is accurate. (*Id.* at 1.)

Mr. Pembroke disagrees, contending instead that his individual signature on the Note does not render him responsible for the debt. In support, he highlights the language in the state court judgment that "this judgment and decree of foreclosure does not decide whether Mr. Pembroke is personally liable under the promissory note." (Doc. # 141 at 2.) He also points to the deed of trust, which defines "borrower" as the Pembroke Trusts.[3] (Doc. # 141 at 2.) Thus, according to Mr. Pembroke, his dispute to SPS had merit and the information SPS provided is inaccurate and incomplete.

Having thoroughly considered the issue, this Court finds that SPS accurately reported the debt and Mr. Pembroke's dispute is without merit. The state court found both that Mr. Pembroke signed the Note in his individual capacity and that Loan Trust was the holder in due course of the original Note. These findings were affirmed in the Colorado Court of Appeals (Doc. # 130–2 at 79–93), accepted by this Court (Doc. # 137), and reiterated most recently by the Tenth Circuit, *John J. Pembroke Living Trust v. U.S. Bank Nat'l Ass'n*, No. 17–1244, 2018 WL 1989938, at *3 (10th Cir. Apr. 27, 2018), which succinctly stated the state court's relevant findings as follows:

> The state trial court made the following relevant findings in the "Judgment and Decree of Foreclosure":
>
> • The Loan Trust, for which U.S. Bank became the trustee, acquired the promissory note in August 2006 "in good faith, for value, and without notice of the Pembrokes' or the Pembroke Trusts' claims and defenses."

---

[3] The Court does not address this latter argument because the deed of trust is only a collateral instrument to secure the debt underlying the note. As such, the maker of a promissory note can differ from the grantors of the deed of trust. The promissory note, on the other hand, is a negotiable instrument that was found by the state court to have been transferred to the Loan Trust as a holder of due course.

- The promissory note "was not fabricated or falsified as suggested by the Pembroke Trusts."

- "The Loan Trust is the holder in due course of the original Note indorsed in blank. . . . ."

2018 WL 1989938, *3.

The status of the Loan Trust as a holder in due course of the Note signed by Mr. Pembroke in his individual capacity is dispositive in this case. "Under Colorado law a holder in due course takes a note 'free from all claims to [the note] and most defenses of any party to [it]." *Id.* (citing *La Junta State Bank v. Travis*, 727 P.2d 48, 51 (Colo. 1986)). Thus, as holder in due course, the Loan Trust holds the Note that was personally executed by Mr. Pembroke free of Mr. Pembroke's claims of invalidity and defenses against its enforcement. Mr. Pembroke's sole arguments in this case—that the Note is invalid and his signature does not equate to his personal liability thereon— hold no legal import, i.e. his dispute is meritless. Thus, SPS's reporting of the debt attached to the Note as a personal liability of Mr. Pembroke was not inaccurate or misleading. Mr. Pembroke's FCRA claims cannot proceed as a matter of law.

The Court therefore grants SPS's motion for summary judgment on Mr. Pembroke's FCRA claim.

## B. STATE LAW CLAIMS

For the same reasons set forth above, the Court also grants SPS's request for summary judgment on Mr. Pembroke's state law claims which are based on Mr. Pembroke's allegation that SPS's financial reporting was inaccurate. Because this Court has found that SPS's reporting was not inaccurate, Mr. Pembroke's state law claims fail

as a matter of law.  *See Land-Wells v. Rain Way Sprinkler and Landscape, LLC*, 187

P.3d 1152, 1153 (Colo. App. 2008) (articulating negligence standard as requiring

inaccuracy); *Gordon v. Boyles*, 99 P.3d 75, 81 (Colo. App. 2004) ("Truth is a complete

defense to defamation."); *Coors Brewing Co. v. Floyd*, 978 P.2d 663, 666 (Colo. 1999)

(reporting accurate information does not amount to the type of outrageous conduct

necessary to prevail on an intentional infliction of emotional distress claim).

## IV.   <u>SUA SPONTE GRANT OF SUMMARY JUDGMENT AS TO CHASE</u>

Although Defendant Chase Bank did not file a motion for summary judgment, this

Court has reviewed the Second Amended Complaint, in particular the Third, Fourth,

Fifth, and Sixth Claims for Relief against SPS and Chase Bank—the two remaining

defendants.  The Court notes that the allegations in those claims against SPS are the

same as against Chase Bank.  The same reasons that support the grant of summary

judgment in favor of SPS also apply to Chase Bank.  Thus, the Court, *sua sponte*,

orders that summary judgment be entered in favor of Defendant Chase Bank on all

remaining claims in this case.  *See Malak v. Associated Physicians, Inc.*, 784 F.2d 277,

280 (7th Cir. 1986) ("[w]here one defendant files a motion for summary judgment which

the court grants, the district court may *sua sponte* enter summary judgment in favor of

additional non-moving defendants if the motion raised by the first defendant is equally

effective in barring the claim against the other defendants and the plaintiff had an

adequate opportunity to argue in opposition to the motion.")

## V.    CONCLUSION

For the foregoing reasons, this Court GRANTS summary judgment in favor of Defendants Select Portfolio Servicing, Inc, and JP Morgan Chase Bank, N.A on Mr. Pembroke's Third, Fourth, Fifth, and Sixth Claims for Relief.  (Doc. # 130.)  Because SPS and Chase are the only remaining Defendants in this case and summary judgment is being entered as to all claims against them, the Court FURTHER ORDERS that the case be DISMISSED WITH PREJUDICE.

DATED:  May 10, 2018                                     BY THE COURT:

CHRISTINE M. ARGUELLO
United States District Judge